United States Bankruptcy Court

Central District of California

In re:  Case No. 22-14509-WJ
Grayson Ann Pierson  Chapter 13
  Debtor

# CERTIFICATE OF NOTICE

District/off: 0973-6  User: admin  Page 1 of 1
Date Rcvd: Dec 12, 2022  Form ID: pdf042  Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**
+           Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 14, 2022:**

**Recip ID    Recipient Name and Address**
db        +  Grayson Ann Pierson, 11355 8th Ave, Hesperia, CA 92345-2002

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 14, 2022        Signature:      /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 12, 2022 at the address(es) listed below:

**Name                     Email Address**

Arvind Nath Rawal
                          on behalf of Creditor Bridgecrest Acceptance Corporation  c/o AIS Portfolio Services, LLC arawal@aisinfo.com

Benjamin Heston
                          on behalf of Debtor Grayson Ann Pierson bhestonecf@gmail.com  benheston@recap.email,NexusBankruptcy@jubileebk.net

Rod Danielson (TR)
                          notice-efile@rodan13.com

United States Trustee (RS)
                          ustpregion16.rs.ecf@usdoj.gov

TOTAL: 4

**FILED & ENTERED**

**DEC 12 2022**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No.: 6:22-bk-14509-WJ |
| GRAYSON ANN PIERSON, | CHAPTER 13 |
| Debtor. | **SCHEDULING ORDER** |

- 1 -

1    Commencing in March of 2020, the outbreak of COVID-19, also known as the
2 coronavirus, spread throughout the country and the world. The federal courts closed that month
3 and, except for a brief period of time in the summer of 2020, remained closed until April of 2021.
4 During this period of time, the courts adapted and, in various ways, employed remote technology.
5    In particular, the court has used video technology to conduct chapter 13 confirmation
6 hearings and status conferences. It appears this process has enhanced (considerably) the
7 convenience of these matters for the parties and the court. Therefore, the court intends to continue
8 conducting such matters by video for the foreseeable future.
9    However, for several reasons, video hearings should occur separately from other matters
10 not handled by video. In other words, the court avoids conducting video hearings at the same time
11 as in-person hearings. Video hearings should occur on separate days and at separate times.
12
13    Therefore, the Court hereby ORDERS as follows:
14
15    1.    The status conference set for January 11, 2023 at 1:30 p.m. is hereby continued to
16 June 26, 2023 at 1:30 p.m. The confirmation hearing currently scheduled for January 25, 2023 at
17 2:00 p.m. is hereby continued to June 26, 2023 at 1:30 p.m. Counsel for the debtor shall file and
18 serve a notice of the continuance no later than December 19, 2022.
19
20    2.    The meeting of creditors is currently scheduled for January 11, 2023. No later than
21 fourteen days prior to this meeting of creditors (and all future meetings of creditors), the debtor
22 shall comply with LBR 3015-1(m) and file and serve the secured debt payment history declaration
23 required in this case. This topic is discussed in section III(L) on pages 32-35 of the procedures
24 order in this case which counsel for the debtor should review.
25
26    3.    If, after conducting the meeting of creditors, the trustee seeks dismissal of the case,
27 the trustee should file and serve a request to dismiss the case by January 13, 2023 either in the form
28 of (a) an objection to confirmation and a request to dismiss the case or (b) a motion to dismiss the

case. If the trustee does so, the deadline for the debtor to respond to any request by the trustee to dismiss the case filed by January 13, 2023 (whether as an objection to confirmation and a request to dismiss the case or a motion to dismiss the case) is January 20, 2023. Thereafter, the Court will review the pleadings and, in most instances, rule on the motion.

4. If the case is not dismissed after the meeting of creditors, then the following procedures apply:

    (a) The trustee or any other party may file a motion to dismiss at any time or any other motions and the deadline for the debtor to respond to such motions shall be governed by the local rules.

    (b) If the debtor owns the current residence where the debtor lives, the debtor should file (no later than June 5, 2023) a secured debt payment history declaration demonstrating that the debtor has made all monthly post-petition mortgage payments from the petition date through June 2023. If the debtor owns the residence but it is not subject to any mortgage, the declaration can be very short (i.e. a sentence or two) that simply states as much. If the debtor resides at property the debtor does not own, the debtor should file (no later than June 5, 2023) a declaration demonstrating that the debtor has made all monthly post-petition rent payments (with proof attached).[1]

    (c) If the trustee supports confirmation then, after the debtor files the required pleading, the chapter 13 trustee should file, no later than June 12, 2023, a pleading stating as much and attach a worksheet with the proposed terms of confirmation. If the chapter 13 trustee does not support confirmation then, no later than June 12, 2023, the trustee should file a motion requesting dismissal which states all grounds for dismissal and includes a declaration in support of the motion. If the debtor has not made all post-petition mortgage or rent payments for all post-petition months, the trustee normally requests dismissal of the case. If, for any reason, the trustee does not do so, the proposed terms of confirmation must

---

[1] With respect to rent payments, in nearly all instances, post-petition obligations of assumed executory contracts or unexpired leases constitute administrative claims which must be paid in full pursuant to section 1322(a)(2).

(a) include provisions to cure all post-petition arrearages (as well as any pre-petition arrearage) and (b) provide for conduit payments for the monthly payments for the rest of the case.

(d) The deadline for the debtor to respond to the trustee's pleading is June 19, 2023. If the trustee seeks dismissal, the debtor should file an opposition brief to the dismissal motion no later than June 19, 2023. If the trustee recommends confirmation, the debtor should state whether the debtor agrees with the terms of confirmation proposed by the trustee.

(e) The Court will review the pleadings and may issue a ruling without holding hearings on June 26, 2023 that (a) confirms the chapter 13 plan, (b) continues the matter, (c) dismisses the case or (d) grants other relief depending on various factors including, but not limited to, whether or not an agreement exists regarding confirmation, and whether or not the debtor has timely made payments and provided documents to the trustee during the case. If no order is entered prior to June 26, 2023, all parties should check the Court's posted calendar the day before June 26, 2023.

IT IS SO ORDERED.

###

Date: December 12, 2022

Wayne Johnson
United States Bankruptcy Judge

- 4 -